UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK MCDOWELL,

                Petitioner,

v.

PHILLIP D. HEATH, Superintendent, Sing Sing Correctional Facility,

                Respondent.

09 Civ. 7887 (RO)(MHD)

MEMORANDUM & ORDER

RICHARD OWEN, United States District Judge:

    Petitioner Patrick McDowell ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2554 challenging his conviction on two counts of third-degree robbery in 2002 in New York State Supreme Court, New York County. Petitioner was sentenced to two concurrent prison terms of fifteen years to life after being adjudicated as a persistent felony offender and is currently incarcerated at Clinton Correctional Facility.

    Petitioner asserts his claim for relief on two grounds: 1) that New York's discretionary persistent offender statute, under which he was sentenced, is unconstitutional and 2) that he was denied his right to effective assistance of counsel under the Sixth Amendment.

    Magistrate Judge Michael H. Dolinger issued a Report and Recommendation and both Petitioner and Respondent filed objections. This Court concurs with the Report and Recommendation and hereby adopts it as the order of this Court. Accordingly, the Petition is DENIED.

## BACKGROUND

The factual background to this action is provided in the Report and Recommendation ("Report") and will not be repeated here in full. Petitioner was convicted on March 26, 2002 of third-degree robbery arising from the robbery of two victims in September 23, 2001 in Manhattan, New York. After being sentenced as a persistent felony offender, Petitioner filed a motion under New York Criminal Procedure Law ("NYCPL") § 440.20 to set aside his sentence on September 3, 2004, claiming that the sentencing under New York's persistent offender statute violated his rights under the Sixth and Fourteenth Amendments to trial by jury. This motion was denied on July 14, 2005 and he was denied leave to appeal on August 31, 2005 by the Appellate Division, First Department.

Petitioner then filed a direct appeal from his conviction on December 30, 2005 on the following three grounds: 1) because he had set forth a sufficient basis to warrant a hearing on whether the trial court should suppress physical evidence, the trial court acted improperly by denying his motion for a suppression hearing in light of the information available to trial counsel at the time he made the motion; 2) the trial court had erred in instructing the jury on the identifications made by the two victim witnesses; and 3) that his sentence was harsh and excessive. The First Department affirmed Petitioner's conviction on June 1, 2006. The court found that Plaintiff's general denial of criminal activity did not entitled him to a suppression hearing, that Petitioner's challenge to the trial court's jury charge on identification was unpreserved, and that the sentencing court had properly exercised its discretion in sentencing Petitioner as a persistent felony offender.

Petitioner's motion for leave to appeal to the New York Court of Appeals was denied on September 15, 2006. Petitioner thereafter filed a motion to vacate his sentence under NYCPL §

440.10 on November 7, 2007, on the basis that he had been provided ineffective assistance of trial counsel because his counsel had failed to 1) object to the in-court identification made by one of the victim witnesses; 2) request that the trial court conduct another Wade hearing on the basis that one of the detectives had made a suggestive statement during the line-up by which Petitioner was identified; 3) object to the trial court's charge on identification; 4) call an expert witness related to identification testimony; 5) enter the police complaint into evidence at his suppression hearing; and 6) to offer a sworn statement in support of his motion to suppress that was allegedly sufficient to trigger a suppression hearing.

Petitioner's motion to vacate was denied in July, 2009. Petitioner's motion for leave to appeal the denial of his motion to thereafter denied by the First Department in August, 2009. Petitioner then filed the instant petition on September 11, 2009. Petitioner makes his claim for habeas relief on the following two grounds: 1) New York Penal Law § 70.10, the discretionary persistent offender statute under which he was sentenced, is unconstitutional and 2) he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to adequately support and renew a suppression motion and failed to present expert testimony related to the reliability of eyewitness identification. Respondent opposed the petition on the basis that New York Penal Law § 70.10 is constitutional and that Petitioner's ineffective assistance of counsel claims are procedurally barred and, in the alternative, meritless.

Magistrate Judge Dolinger issued a Report and Recommendation in which he recommended that the Petition be denied and the case dismissed. [dkt. no. 20.] Respondent and Petitioner both filed objections to the Report. [dkt. nos. 21-22.]

This Court has reviewed the Report and Recommendation *de novo* and after doing so, as explained below, concurs with the Report and Recommendation and adopts it as the order of this Court.

## DISCUSSION

### A. Standard of Review

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original

[papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz,* No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

### B. Antiterrorism and Effective Death Penalty Act of 1996

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a federal remedy for state prisoners if their continued custody is in violation of federal law. An application for a writ of habeas corpus pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 28 U.S.C. § 2254(d)(1)—(2).

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta," of the Court's decisions as of the time of the state court decision at issue. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of the Supreme Court's clearly established precedent in a state court decision can occur in two ways. First, a state court decision involves an unreasonable application of Supreme Court's precedent if the state court identifies

the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular case. In addition, a state court decision involves an unreasonable application of Supreme Court precedent if the state court unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407.

In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). This Circuit has stated that the standard is "somewhere between merely erroneous and unreasonable to all reasonable jurists." *Overton v. Newton,* 295 F.3d 270, 276 (2d Cir.2002). A federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently.

The factual findings made by state courts are presumed to be correct under the second prong of the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." § 2254(e)(1); *see Nelson v. Walker.* 121 F.3d 828, 833 (2d Cir. 1997). The deferential standard of review under the AEDPA will be triggered when the state court has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment. *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001).

### C. <u>Objections to the Report and Recommendation</u>

Petitioner objects to the Report and Recommendation on the grounds for which he moved for an order vacating his sentence. Respondent objects to the Report and Recommendation on the following two grounds: 1) that the Report improperly found that Petitioner's ineffective assistance claim related to his trial counsel's failure to consult an expert on the limitations of

eyewitness testimony or call such an expert to testify at trial was not procedurally barred under NYCPL § 440.10(2)(c), and 2) that the Report improperly reviewed that claim *de novo* rather than under the clear and convincing standard provided for in the AEDPA for factual findings made by state courts when federal claims have been adjudicated on the merits.

Under NYCPL § 440.10(2)(c), denial of a claim by a state court on procedural grounds for a petitioner's failure to raise that claim on direct review is an independent and adequate ground for denial barring review by a federal habeas court.

NYCPL § 440.10(2)(c) states that:

> Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

As a general rule, New York courts do not apply this procedural bar to ineffective assistance of counsel claims because they generally find that such claims are properly heard under a NYCPL § 440.10 motion rather than on direct appeal because such claims inherently involve facts that are outside the record. *See, e.g., People v. Santer*, 30 A.D. 3d 1129, 816 N.Y.S.2d 444 (1st Dep't 2006) ("Since defendant's ineffective assistance of counsel claim turns on matters outside the record . . . it is not reviewable on direct appeal and would require further record to be developed by way of a CPL 440.10 motion."); *Davis v. Greene*, 2008 WL 216912, at *8 (S.D.N.Y. 2008) (when claims "rely on facts outside the record" they may not be "raised on direct appeal [and] are properly raised on a motion to vacate under section 440.10."); *Cruz v. Berbary*, 456 F.Supp.2d 410, 414 (W.D.N.Y. 2006) (stating that "[d]enial of a CPL 440.10 motion, pursuant to 440.10(2)(c), will not always be appropriate in the ineffective assistance

context, such as when the facts supporting the instance of ineffective assistance of counsel appeared outside the record" but finding that the petitioner's claim was procedurally barred because, based on the facts, any error would have been contained within the trial record.)

Record-based ineffective assistance of trial counsel claims, however, may be brought on direct appeal and when a petitioner fails to do so, rejection by a section 440.10 court is an independent and adequate ground precluding the petitioner from bringing the claim in a federal habeas petition. *See Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003); *see Taylor v. Poole*, 2009 WL 2634724, at *16 (S.D.N.Y. 2009) (federal courts generally uphold the procedural bar imposed by a state court and precluding habeas review where a defendant fails to bring ineffective assistance of trial counsel claims on direct appeal where there is a sufficient record.)

The Report found that the trial court's procedural rejection of Petitioner's ineffective counsel claim related to the suppression motion was an independent and adequate state law procedural ground barring habeas review because the claim was apparent from a review of the trial record, citing the section 440.10 court's statement that "[t]he factual underpinnings of the defendant's ineffective assistance claim are all on the record . . . [and the court] is not persuaded that any valid reasons exist for the defendant's failure to raise any of these issues on direct appeal. Accordingly, the defendant's motion is denied in its entirety." Report at 44 (citing Resp. Dec., Ex. L.) The Report added that "[t]he purported weakness of that suppression motion, which failed to trigger a hearing, was apparent on its face" and "the full record of the trial testimony was adequate to permit a reviewing court to determine whether defense counsel [had acted appropriately]" and that for these reasons "New York state caselaw has consistently required that a Sixth Amendment or equivalent claim based on trial counsel's failure to adequately support a pre-trial suppression motion be asserted on direct appeal." (Report at 46.)

As for Petitioner's other ineffective assistance of trial counsel claim, related to his trial counsel's failure to consult an expert on identifications or call at trial an expert who could testify as to the limitations of eyewitness testimony, the Report found that despite the deference afforded state court factual findings, the state law grounds on which the trial court relied in finding Petitioner's claim procedurally barred was not adequate. (Report at 50-51.) As such, the Report concluded it was necessary and permissible for Petitioner to raise this claim in a section 440.10 motion rather than on direct review. The Report based its finding on the fact that ineffective assistance for failure to call witness claims "inherently involves facts dehors the record, which precludes its being raised on direct appeal." (Report at 52.) The specific factual issues that need to be considered in evaluating such an ineffective assistance claim, according to the Report, are "unlikely to be answered from the trial court record [and] include: 1) whether a witness was actually available; 2) whether the lawyer consulted the possible witness even if he did not call him or her; 3) if so, what the witness advised the lawyer as to his or her willingness to testify and what his or her testimony would be; and 4) why the lawyer chose not to consult or to call the witness." (Report at 53.)

This Court concurs with the Report's finding that Petitioner's ineffective assistance of trial counsel claim was not record-based and therefore was not procedurally defaulted based on Petitioner's failure to bring the claim on direct appeal. Claims are record-based "when a reviewing court could 'conclude that defendant's counsel was ineffective simply by reviewing the trial record without the benefit of additional background facts" that would need to be developed through a post-conviction motion pursuant to CPL 440.10.'" *Chatmon v. Mance*, 2011 WL 5023243, at *9 (S.D.N.Y. 2011) (*citing People v. Love*, 57 N.Y.2d 998, 457 N.Y.S.2d 238 (N.Y. 1982)); *see, e.g., Louis v. Fischer*, 2007 WL 4198255, at *21 (*citing Powers v. Lord*, 462

F.Supp.2d 371, 378 (W.D.N.Y. 2006) ("finding § 440.10(2)(c) to be inadequate to bar federal habeas review where petitioner's ineffective assistance of counsel claims regarding "trial counsel's failure to investigate were not based on matters within the trial record but rather focused on counsel's failure to perform certain evidentiary testing that purportedly would have yielded exculpatory results and failure to find witnesses to impeach a key prosecution witness.") In *Chatmon v. Mance*, for example, of the six ineffective assistance of trial counsel claims, including a claim that trial counsel had failed to call as an expert witness a doctor who had previously treated Petitioner's knee injury, the court ruled that only one claim, the failure "to guard against inadmissible evidence," was record-based. *Chatmon*, 2011 WL at *9-10.

Here, Petitioner's ineffective assistance claim does not relate to alleged errors by trial counsel that are apparent on the face of the record, and there is no indication that an appellate court would have been able to evaluate this specific claim based solely on the trial record. As such, the Report properly held that Petitioner acted appropriately in bringing this claim for the first time in his NYCPL §440.10 motion rather than on direct appeal. Accordingly, this Court concurs that Petitioner's ineffective assistance claim related to the suppression motion was procedurally barred and barred from habeas review, but that the claim related to trial counsel's failure to consult or call an identification expert to testify was not an adequate procedural ground and was not procedurally barred.

Respondent's second objection is that the Report was incorrect to review both of Petitioner's ineffective assistance of trial counsel claims *de novo* rather than the more deferential standard under the AEDPA. When the state court adjudicates the claims before it on the merits, a federal habeas court properly reviews it under the AEDPA's deferential standard. Conversely, if the state court does not adjudicate the claims before it on the merits, the AEDPA's deferential

standard does not apply and the federal habeas court reviews the claims *de novo*. A court adjudicates a claim on the merits when it "(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)).

In deciding to apply this standard, the Report relied upon the language of the section 440.10 court's merits holdings. The Report characterized the trial court's statement that "[e]ven if the defendant's claims were not procedurally barred, the court would still deny his motion," as reducing the merits to a judgment but not basing the disposition on the court's view of the merits. (Report at 2.) Thus, because the section 440.10 court's ruling indicated that its opinion on the ineffective assistance claims was premised on section 440.10(2)(c), the Report found that it should review both claims *de novo*.

The Report looked to the language used by the court as indicating whether the merits were an alternative holding to the conclusion that the claims were procedurally barred, or, conversely, whether the merits holding was a "contrary-to-fact construction" which only indicates that the court made a "contingent observation." (Report at 56-58.) In *Bell v. Miller*, the Second Circuit Court of Appeals analyzed the language used by the section 440.10 court to similarly determine whether its merits holding was a contingent observation or an alternative holding indicating an adjudication on the merits:

> The state court's ruling on Bell's § 440 motion discussed the merits and was reduced to a judgment; but the wording of the opinion reflects that the disposition was not premised on the court's view of the merits. The discussion of the merits was preceded by a contrary-to-fact construction: "*if* the merits *were* reached, the result *would* be the same." And a contrary-to-fact construction is not the same as an alternative holding. (emphasis in original)
> *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007)

*Bell* cited another Second Circuit Court of Appeals case which reached the opposite conclusion

based on different language. The court *cited Zarvela v. Artuz,* characterizing that holding as "concluding that [the] state court had reviewed the claim on the merits where it found 'petitioner's claim to be unpreserved, and, *in any event*, without merit,' [which] constituted an adjudication on the merits." *Zarvela v. Artuz,* 364 F.3d 415, 417 (2d Cir. 2004) (emphasis in original). Here, the section 440.10 court used contrary-to-fact language in dismissing Petitioner's claims. The court stated: "Even *if* the defendant's claims *were not* procedurally barred, the court *would* still deny his motion." This language mirrors the language in Bell that the court found to be a contingent observation rather than an alternative holding.

The cases cited and quoted by Respondent support the Report's finding. In each of the cases where the section 440.10 court had denied claims on procedural grounds and the merits ruling was seen as an alternative holding, the court had used the language that the Second Circuit found was not a contingent observation. In *Glenn v. Bartlett*, the section 440.10 court stated "in any event" and "in any case" and in *Zarvela*, as discussed above, the court stated "in any event." *See Glenn v. Bartlett*, 98 F.3d 721 (2d Cir. 1996), *Zarvela*, 364 F.3d 415.

Similarly, the Report correctly found that the section 440.10 court's use of contrary-to-fact language indicated that it had not adjudicated Petitioner's claims on the merits, and on this basis, Petitioner's claims were reviewed *de novo*.

This Court finds no reason to upset the Report's finding that Petitioner's ineffective assistance of counsel claims be reviewed under this standard. Respondent's objection is denied.

## CONCLUSION

This Court concurs with the Report and Recommendation and the petition is therefore DENIED.

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:    New York, New York
          June 11, 2013

_____
RICHARD OWEN, U.S.D.J.